402 So.2d 354 (1981)
In the MATTER of the Guardianship of Angela BROWN and Chelsa Brown, Minors.
Jeanette BROWN
v.
Joella Brown ROBINSON.
No. 52711.
Supreme Court of Mississippi.
August 19, 1981.
Don H. Evans, Jackson, for appellant.
Samuel H. Wilkins, Mary Lou Payne, Wilkins, Ellington & James, Arthur G. Gearheard, III, Jackson, for appellee.
Before SMITH, P.J., and SUGG and BOWLING, JJ.
SUGG, Justice, for the Court:
On a petition to dissolve a general guardianship, the Chancery Court of the First Judicial District of Hinds County entered a final decree holding: (1) Jeanette Brown was the only living parent of her two minor children, Angela Brown and Chelsa Brown, (2) Jeanette Brown was a suitable person to have the custody of her two children, and the custody of the children should be immediately awarded to her, (3) Joella Brown Robinson, the paternal grandmother of the children, should have the right of visitation with the children on the third weekend of each month, (4) the general guardianship should be partially dissolved by removing Joella Brown Robinson as general guardian of the person of the children but Joella Brown Robinson should remain as guardian of the estate of the children.
Appellant, Jeanette Brown, appealed and argues the trial court erred when it granted visitation rights to appellee and by retaining appellee as the guardian of the estate of the children.
Appellant married Sgt. Leroy Brown, the son of appellee, and two children were born of this union. The children were Angela Brown, born March 30, 1974, and Chelsa Brown, born August 14, 1975. Appellant and her husband were both serving in the United States Air Force and were stationed at Chanute Air Force Base, Illinois. On December 4, 1979, appellant and her husband were involved in a domestic quarrel in *355 which the husband was killed. Appellant was arrested, charged with murder, and incarcerated until her trial on April 21, 1980. Appellant was found guilty of negligent homicide.[1] She received a bad conduct discharge, forfeiture of all pay and allowances, but was not sentenced to imprisonment.[2]
Immediately after appellant was arrested, she called her parents, Willie C. and M.L. Darby and requested them to come to Illinois and assume custody and control of her children while she was incarcerated. On December 6, 1979, she executed a power of attorney to her parents authorizing them to take custody and control of her children and "to perform any and all necessary acts to ensure the general well-being of said children." Appellant's parents picked up the children in Illinois and returned with the children to their home in Hinds County, Mississippi.
Appellee filed a petition to be appointed general guardian of the children on December 14, 1979, and process by publication was served on the appellant returnable on the second Monday of January, 1980, the first day of the January, 1980 term of Chancery Court.
Appellant filed a motion for continuance claiming benefit of the Soldiers and Sailors Civil Relief Act, and also on the ground that she had placed the children in the custody of her parents and who were suitable to have custody of the children. On January 17, 1980, the court entered its decree appointing appellee as general guardian of the children.
On May 5, 1980, soon after her release, appellant filed a petition to dissolve the general guardianship and to restore custody of the children to her. She filed an amended petition and the matter was heard on July 17, 1980, resulting in the decree appealed from.
Appellant's first assignment of error is that the trial court erred by granting visitation rights to appellee. In Naveda v. Ahumada, 381 So.2d 147 (Miss. 1980), we held the trial court erred when it granted visitation rights to grandparents after awarding custody to the mother. In Naveda, we stated:
In 67A C.J.S. Parent and Child § 41(c), at 296 (1978), the general law is stated as follows:
"Generally, where custody of a child has been awarded to a fit parent, grandparents and third persons are not entitled to visitation privileges. Grandparents have no common-law right to visitation; their rights are derivative through the natural parent, and any obligation of a custodial parent to permit visitation of a grandchild by the grandparent is a moral obligation and not a legal right."
In 59 Am.Jur.2d Parent and Child § 45 at 130 (1971), it is stated:
"The right of visitation derives from the right of custody and is controlled by the same legal principles. Thus, as in custody cases, the best interest and welfare of the child is the controlling consideration... . But where an award of custody to a nonresident or a person about to leave the jurisdiction has been determined upon, this conclusion has not been affected by the fact that the visitorial rights of the other parent would thereby be impaired or destroyed, since visitorial rights must give way when in conflict with the child's welfare.

*356 Parents who have custody have the right to determine with whom the child will associate. Accordingly, where a parent or parents have custody, the courts will not undertake to give visitation rights to a nonparent  a grandparent, for example  over the parents' objection." (381 So.2d at 149, 150)
The trial court held that appellant was a suitable person to have custody of her children and appellee has not challenged this finding of the trial court. Accordingly, we follow the rule announced in Naveda and hold the trial court erred when it granted visitation rights to the appellee.
Appellant also contends that the trial court erred by retaining appellee as the guardian of the estate of her children. Section 93-13-1 Mississippi Code Annotated (1972) provides that the father and mother are the joint natural guardians of their minor children and if either the father or the mother dies, the guardianship devolves upon the surviving parent. There is no evidence that appellant is not suitable to serve as guardian of the estate of her children; therefore, we hold the chancellor erred by retaining appellee as guardian of the estate of the children.
We reverse, discharge appellee as guardian of the estate of the children, and appoint appellant as guardian of the estate of her children upon her filing bond and oath as required by statute. Appellee shall file a final account within fifteen (15) days following the date the mandate of this Court is filed in the trial court.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P.JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] Negligent homicide has been defined as "unlawfully causing the death of another by simple negligence  that is, an act or omission not negligent to such a degree as to justify a charge of voluntary manslaughter  but nevertheless one which exhibits a lack of that degree of care for the safety of others which a reasonably prudent person would have exercised under the circumstances." (Military Law Under the Uniform Code of Military Justice. Aycock  Wurfel (1972) at page 309) See also United States v. Kirchmer, U.S.C.M.A. 477, 4 C.M.R. 69 (1952).
[2] The maximum punishment for negligent homicide is a bad conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor not to exceed one year. MCM, 1969 (Rev.) Ch. XXV Par. 127c(6) Table of Maximum Punishments.